UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------
CARMEN JULIA A.,

                        Plaintiff,        <u>DECISION AND ORDER</u>
                                           1:24-CV-04629-GRJ

      v.

COMMISSIONER OF SOCIAL SECURITY,

                        Defendant.
------------------------------------------------------
GARY R. JONES, United States Magistrate Judge:

In September of 2021, Plaintiff Carmen Julia A.[1] applied for Disability Insurance Benefits under the Social Security Act. The Commissioner of Social Security denied the application.  Plaintiff, represented by Osborn Law, P.C., Daniel Adam Osborn, Esq., of counsel, commenced this action seeking judicial review of the Commissioner's denial of benefits under 42 U.S.C. §§ 405 (g) and 1383 (c)(3).  The parties consented to the jurisdiction of a United States Magistrate Judge. (Docket No. 11).

This case was referred to the undersigned on December 13, 2024. Presently pending is Plaintiff's Motion for Judgment on the Pleadings pursuant to Rule 12 (c) of the Federal Rules of Civil Procedure. (Docket

---

[1] Plaintiff's name has been partially redacted in compliance with Federal Rule of Civil Procedure 5.2 (c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

No. 16). For the following reasons, Plaintiff's motion is due to be granted, and this matter is remanded for further administrative proceedings.

## I. BACKGROUND

### A.    Administrative Proceedings

Plaintiff applied for benefits on September 17, 2021, alleging disability beginning April 2, 2020. (T at 91).[2]  Plaintiff's application was denied initially and on reconsideration.  She requested a hearing before an Administrative Law Judge ("ALJ").

A hearing was held on May 25, 2023, before ALJ Matthew Levin. (T at 68-89). Plaintiff appeared with an attorney and testified with the assistance of an interpreter. (T at 72-80). The ALJ also received testimony from Sakina Malik, a vocational expert. (T at 80-87).

### B.    ALJ's Decision

On June 29, 2023, the ALJ issued a decision denying the application for benefits. (T at 9-23).  The ALJ found that Plaintiff had not engaged in substantial gainful activity since April 2, 2020 (the alleged onset date) and meets the insured status requirements of the Social Security Act through June 30, 2025 (the date last insured). (T at 14).

---

[2] Citations to "T" refer to the administrative record transcript at Docket No. 7.

The ALJ concluded that Plaintiff's degenerative disc disease of the cervical spine was a severe impairment as defined under the Act. (T at 14).

However, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 CFR Part 403, Subpart P, Appendix 1. (T at 16).

At step four of the sequential analysis the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform light work, as defined in 20 CFR 404.1567 (b), with the following limitations: she can frequently climb stairs; occasionally climb ladders, ropes, and scaffolds; occasionally balance (but needs to avoid narrow, slippery, and erratic moving surfaces); and frequently stoop, kneel, crouch, and crawl. (T at 16).

The ALJ concluded that Plaintiff could perform her past relevant work as a counter attendant. (T at 19).

As such, the ALJ found that Plaintiff had not been under a disability, as defined under the Social Security Act, and was not entitled to benefits for the period between April 2, 2020 (the alleged onset date) and June 29, 2023 (the date of the ALJ's decision). (T at 19).

On April 19, 2024, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision. (T at 1-8).

### C.    Procedural History

Plaintiff commenced this action, by and through her counsel, by filing a Complaint on June 18, 2024. (Docket No. 1).  On December 27, 2024, Plaintiff filed a motion for judgment on the pleadings, supported by a memorandum of law. (Docket Nos. 16, 17).  The Commissioner interposed a brief in opposition to the motion and in support of a request for judgment on the pleadings on February 25, 2025. (Docket No. 19).

## II.  APPLICABLE LAW

### A.    Standard of Review

"It is not the function of a reviewing court to decide de novo whether a claimant was disabled."  *Melville v. Apfel*, 198 F.3d 45, 52 (2d Cir. 1999). The court's review is limited to "determin[ing] whether there is substantial evidence supporting the Commissioner's decision and whether the Commissioner applied the correct legal standard."  *Poupore v. Astrue*, 566 F.3d 303, 305 (2d Cir. 2009) (per curiam).

The reviewing court defers to the Commissioner's factual findings, which are considered conclusive if supported by substantial evidence. *See*

42 U.S.C. § 405(g). "Substantial evidence" is "more than a mere scintilla" and "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Lamay v. Commissioner of Soc. Sec.*, 562 F.3d 503, 507 (2d Cir. 2009) (internal quotations omitted) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).

"In determining whether the agency's findings are supported by substantial evidence, the reviewing court is required to examine the entire record, including contradictory evidence and evidence from which conflicting inferences can be drawn." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (internal quotations omitted).

"When there are gaps in the administrative record or the ALJ has applied an improper legal standard," or when the ALJ's rationale is unclear, remand "for further development of the evidence" or for an explanation of the ALJ's reasoning is warranted. *Pratts v. Chater*, 94 F.3d 34, 39 (2d Cir. 1996).

### B.    Five-Step Sequential Evaluation Process

Under the Social Security Act, a claimant is disabled if he or she lacks the ability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last

for a continuous period of not less than 12 months ...."  42 U.S.C. §

423(d)(1)(A).

A claimant's eligibility for disability benefits is evaluated pursuant to a

five-step sequential analysis:

> 1. The Commissioner considers whether the claimant is currently engaged in substantial gainful activity.
>
> 2. If not, the Commissioner considers whether the claimant has a "severe impairment" which limits his or her mental or physical ability to do basic work activities.
>
> 3. If the claimant has a "severe impairment," the Commissioner must ask whether, based solely on medical evidence, claimant has an impairment listed in Appendix 1 of the regulations. If the claimant has one of these enumerated impairments, the Commissioner will automatically consider him disabled, without considering vocational factors such as age, education, and work experience.
>
> 4. If the impairment is not "listed" in the regulations, the Commissioner then asks whether, despite the claimant's severe impairment, he or she has residual functional capacity to perform his or her past work.
>
> 5. If the claimant is unable to perform his or her past work, the Commissioner then determines whether there is other work which the claimant could perform.

See Rolon v. Commissioner of Soc. Sec., 994 F. Supp. 2d 496, 503

(S.D.N.Y. 2014); see also 20 C.F.R. §§ 404.1520(a)(4)(i)–(v),

416.920(a)(4)(i)–(v).

The claimant bears the burden of proof as to the first four steps; the burden shifts to the Commissioner at step five. *See Green-Younger v. Barnhart*, 335 F.3d 99, 106 (2d Cir. 2003). At step five, the Commissioner determines whether the claimant can perform work that exists in significant numbers in the national economy. *See Butts v. Barnhart*, 416 F.3d 101, 103 (2d Cir. 2005); 20 C.F.R. § 404.1560(c)(2).

## III. DISCUSSION

Plaintiff raises two main arguments in support of her request for reversal of the ALJ's decision.  First, she challenges the ALJ's step four analysis.  Second, Plaintiff argues that the ALJ's RFC determination is not supported by substantial evidence.  This Court will address each argument in turn.

### A. *Step Four Analysis*

At step four of the sequential evaluation, a "claimant has the burden to show an inability to return to her previous specific job and an inability to perform her past relevant work generally." *Jasinski v. Barnhart*, 341 F.3d 182, 185 (2d Cir. 2003)(citing SSR 82-62"). The "inquiry requires separate evaluations of the previous job and the job as it is generally performed." *Id*. "The inquiry ... is not whether the claimant is able to perform the duties of her previous job, but whether the claimant is able to perform the duties

associated with her previous 'type' of work." *Halloran v. Barnhart*, 362 F.3d 28, 33 (2d Cir. 2004)(quoting *Jock v. Harris*, 651 F.2d 133, 135 (2d Cir. 1981)).

Here, the ALJ concluded that Plaintiff could perform her past relevant work as a counter attendant. (T at 19).  Plaintiff argues that her work as a counter attendant should not have been considered past relevant work because she did not perform it during the five-year period prior to the ALJ's decision.  This argument has no merit.

At the time of the ALJ's decision in June of 2023, the Commissioner defined past relevant work as "work that [a claimant has] done within the past 15 years, that was substantial gainful activity, and that lasted long enough for [the claimant] to learn to do it." 20 C.F.R. § 404.1560(b)(1) (2022).

Plaintiff does not contest the fact that she worked as a counter attendant during the 15-year lookback period and, as such, under the regulation in effect at the time of the ALJ's decision, that work fell within the definition of past relevant work.

In June of 2024, approximately one year after the ALJ's decision, the Commissioner amended the relevant regulation to reduce the lookback period from 15 to 5 years. *See Intermediate Improvement to the Disability*

*Adjudication Process, Including How We Consider Past Work*, 89 Fed. Reg. 27653 (Apr. 18, 2024); *Intermediate Improvement to the Disability Adjudication Process, Including How We Consider Past Work; Deferral of Effective Date*, 89 Fed. Reg. 48138 (June 5, 2024).

Reviewing courts, however, including two Circuit Courts of Appeals, have concluded that this change was not intended to be retroactive and that judicial review should be based on the regulation in effect at the time of the ALJ's decision. *See, e.g., Reddy v. Comm'r of Soc. Sec. Admin.,* No. 23-CV-07947 (HG), 2025 WL 21942, at *3 n.2 (E.D.N.Y. Jan. 3, 2025); *Paulette M. v. Comm'r of Soc. Sec. Admin.*, No. 23-CV-04668 (HG), 2025 WL 383656, at *6 (E.D.N.Y. Feb. 4, 2025); *Tina W. v. Comm'r, SSA*, No. 24-4029, 2024 WL 5165687, at *3 (10th Cir. Dec. 19, 2024); *Dial v. O'Malley*, No. 23-3423, 2024 WL 4471510, at *1 (9th Cir. Oct. 11, 2024).

B.    RFC

A claimant's "residual functional capacity" ("RFC") is his or her "maximum remaining ability to do sustained work activities in an ordinary work setting on a continuing basis." *Melville*, 198 F.3d at 52 (quoting SSR 96-8p).

When assessing a claimant's RFC, an ALJ must consider medical opinions regarding the claimant's functioning and decide based on an

assessment of the record as a whole. *See* 20 C.F.R. §§ 404.1527(d)(2), 416.9527(d)(2) ("Although we consider opinions from medical sources on issues such as ...your residual functional capacity...the final responsibility for deciding these issues is reserved to the Commissioner.").

The ALJ determined that Plaintiff retained the RFC to perform light work, as defined in 20 CFR 404.1567 (b), with the following limitations: she can frequently climb stairs; occasionally climb ladders, ropes, and scaffolds; occasionally balance (but needs to avoid narrow, slippery, and erratic moving surfaces); and can frequently stoop, kneel, crouch, and crawl. (T at 16).

Plaintiff contends that the RFC determination is not supported by substantial evidence and is inconsistent with the opinion of Dr. Laiping Xie, who performed a consultative examination in February of 2022.

Dr. Xie diagnosed neck and back pain, arthritis knee pain, leukemia, and migraine headaches. (T at 1134).  He opined that Plaintiff might experience schedule interruption due to her headaches and assessed moderate limitation in Plaintiff's ability to lift, carry, pull, push, climb stairs, stand for prolonged periods, walk, squat, bending, and turn her neck. (T at 1134).

The ALJ found Dr. Xie's opinion "partially persuasive" and concluded that the evidence supported the conclusion that Plaintiff retained the RFC to perform a reduced range of light work, as outlined above. (T at 18).

For the following reasons, the Court cocnludes that one aspect of the ALJ's RFC determination must be revisited on remand.

The ALJ's assessment of Plaintiff's ability to meet the exertional demands of a reduced range of light work is supported by substantial evidence.

"[A] number of courts have found that 'moderate' limitations for standing, walking, sitting, and lifting are consistent with the ability to do light work." *Jordan v. Comm'r of Soc. Sec.*, No. 16-CV-9634 (KHP), 2018 WL 1388527, at *10 (S.D.N.Y. Mar. 19, 2018)(collecting cases); *see also Guzman v. Comm'r of Soc. Sec.*, No. 21-CV-6538 (KHP), 2022 WL 3013108, at *6 (S.D.N.Y. July 29, 2022); *Lopez v. Berryhill*, 448 F. Supp. 3d 328, 345 (S.D.N.Y. 2020).

In addition, the ALJ's assessment of Plaintiff's ability to meet the exertional demands of a range of light work is supported by opinions from two non-examining State Agency review physicians.  Dr. A. Periakaruppan and Dr. M. Kirsch opined that Plaintiff could lift and/or carry 20 pounds occasionally and 10 pounds frequently; sit and stand and/or walk each for

11

about six hours in an eight-hour workday; frequently climb ramps/stairs and stoop, kneel, crouch, and crawl; and occasionally balance and climb ladders, ropes, and scaffolds. (T at 98-99, 115-16). *See Distefano v. Berryhill*, 363 F. Supp. 3d 453, 474 (S.D.N.Y. 2019)("'[S]tate agency physicians are qualified as experts in the evaluation of medical issues in disability claims,' and as such, 'their opinions may constitute substantial evidence if they are consistent with the record as a whole.'") (quoting *Leach ex rel. Murray v. Barnhart*, No. 02 Civ.3561 RWS, 2004 WL 99935, at *9 (S.D.N.Y. Jan. 22, 2004)).

The ALJ also reasonably relied on treatment notes documenting normal gait, full range of motion, no joint tenderness or swelling, as well as the ability to attend to household chores, use public transportation, and shop. (T at 21-23, 361-64, 481-82, 484-89, 489-90, 510, 570, 573).

This evidence and analysis are sufficient to sustain the ALJ's assessment of Plaintiff's ability to meet the exertional demands of a range of light work. That does not end the inquiry.

The same cannot be said with respect to the ALJ's consideration of the impact Plaintiff's headaches on her ability to meet the demands of basic work activity.

Dr. Xie opined that Plaintiff might experience schedule interruption due to her headaches. (T at 1134). The ALJ found this aspect of Dr. Xie's assessment unpersuasive because Plaintiff did not "consistently complain of headaches when seeking treatment and … endorsed symptom relief with the use of injections." (T at 18).  In another section of his decision, the ALJ noted that Plaintiff received Botox injections for her headaches and stated that Plaintiff "reported that the treatment is effective at managing the headaches." (T at 17).

Notably, however, the record does not support the ALJ's assertions. Plaintiff told Dr. Xie that she receives Botox injections every three months and "feels better now," but also stated that "after fading of the Botox efficiency, she has severe headache(s)." (T at 1131).  She described the headaches as lasting up to a week, with "pounding pain," at an intensity of "5-7/10." (T at 1131).  In a function report completed in July of 2022, Plaintiff stated that her headaches cause "strong burning intense pain" and "radiating pressure." (T at 285).  She cannot perform any activities when she has a headache and must lay down. (T at 286).

The ALJ did not address this evidence, which contradicts his conclusion that Plaintiff's headaches were effectively managed with

treatment, and which supports Dr. Xie's assessment that Plaintiff might experience schedule interruption due to her headaches.

A remand, therefore, is required for proper consideration of Plaintiff's headaches and their impact on her ability to meet the demands of basic work activity on a sustained basis. *See Savastano v. Comm'r of Soc. Sec.*, No. 1:19-CV-05776-FB, 2021 WL 2895687, at *2 (E.D.N.Y. July 9, 2021)(finding remand required because "the ALJ does not appear to have incorporated the effects of Savastano's migraine headaches on her RFC").

C.    *Remand*

"Sentence four of Section 405 (g) provides district courts with the authority to affirm, reverse, or modify a decision of the Commissioner 'with or without remanding the case for a rehearing.'" *Butts v. Barnhart*, 388 F.3d 377, 385 (2d Cir. 2002) (quoting 42 U.S.C. § 405 (g)).  Remand for further administrative proceedings is the appropriate remedy "[w]here there are gaps in the administrative record or the ALJ has applied an improper legal standard." *Rosa v. Callahan*, 168 F.3d 72, 82-83 (2d Cir. 1999); *see also Rhone v. Colvin*, No. 13-CV-5766 (CM)(RLE), 2014 U.S. Dist. LEXIS 180514, at *28 (S.D.N.Y. Nov. 6, 2014).

The Court finds a remand for further proceedings necessary for the reasons discussed above.

## IV.  CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Judgment on the Pleadings (Docket No. 16) is GRANTED, and this matter is REMANDED for further administrative proceedings consistent with this Decision and Order. The Clerk is directed to enter final judgment in favor of Plaintiff and then close the file.


Dated: March 17, 2025                    _s / Gary R. Jones_
                                         GARY R. JONES
                                         United States Magistrate Judge